IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MONIQUE DESPAIN, an individual,

        Plaintiff,

    v.

EVERGREEN INTERNATIONAL AVIATION, INC., EVERGREEN INTERNATIONAL AIRLINES, EVERGREEN HELICOPTERS, INC., and TIMOTHY WAHLBERG, an individual,

        Defendants.

No. 03:12-cv-00328-HZ

OPINION & ORDER

Dana L. Sullivan
Kristine Lambert
BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW Fourth Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

///

1 - OPINION & ORDER

Paula A. Barran
Amy L. Angel
BARRAN LIEBMAN LLP
601 SW Second Ave., Suite 2300
Portland, Oregon 97204

     Attorneys for Defendants

HERNANDEZ, District Judge:

     Plaintiff Monique DeSpain brings this employment-related action against defendants Evergreen International Aviation Inc., Evergreen International Airlines, Evergreen Helicopters, Inc., and Timothy Wahlberg. Defendants move for judgment on the pleadings. Defendants state that the allegations raised by the plaintiff's sixth, seventh, eighth, and ninth claims for relief relate to her function as in-house counsel and therefore are not protected by federal or state law. However, the Amended Complaint as pleaded can be read to allege discrimination based on a hiring manager personally challenging her supervisor's discriminatory actions. Since I must draw all factual inferences in plaintiff's favor, it is inappropriate to grant a motion for judgment on the pleadings. I deny the motion.

BACKGROUND

     Defendants hired plaintiff as their General Counsel on or about January 10, 2011. Plaintiff's job included identifying areas where the company was legally at risk, seeking solutions to outstanding legal issues with which the company was grappling, and managing litigation matters. Pl.'s Am. Compl. ¶ 28. She worked on behalf of Evergreen International, Evergreen Airlines, and Evergreen Helicopters. Id. at ¶ 29. She also visited Evergreen Aviation Ground Logistics Enterprise, Inc. (EAGLE) bases to negotiate leases, brief employees on personnel discipline issues, and investigate various Equal Employment Opportunity Commission (EEOC) complaints against Evergreen/EAGLE. Id. at ¶ 39.

2 - OPINION & ORDER

On July 21, 2011, plaintiff introduced Delford Smith, the founder of Evergreen, to Armando Segura, a candidate for an open paralegal position at Evergreen.[1] Id. at ¶ 61. According to plaintiff, she later called Smith to ask his thoughts on Segura. Id. at ¶ 63. Smith allegedly responded that he "loved" the candidate and said: "He's great, BUT, he's Hispanic." Id. Plaintiff alleges that Smith informed plaintiff that he did not want Segura to work in the legal department because over sixty percent of all claims against the company were asserted by Hispanics and he did not want Segura to "have a dog in that fight." Id. Plaintiff disagreed with Smith, stating that it had not been her observation that Hispanics were the primary complainants against Evergreen. Id. at ¶ 64. She asked him to reconsider his position on not letting Hispanics work within the legal department. Id. Smith allegedly replied, "What part of NO don't you understand?" and plaintiff immediately dropped the issue. Id. at ¶ 65. Smith later sent Sam Wright, President of EAGLE, to plaintiff's office to pick up Segura's resume. Id. at 66. At that point, plaintiff told Wright that Evergreen's failure to hire or even consider Segura for the paralegal position "could be perceived as discriminatory and was flat out wrong." Id.

The next day, plaintiff was terminated. Id. at ¶ 78.

STANDARDS

Federal Rule of Civil Procedure 12(c) allows a motion for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. If matters outside the pleadings are presented to and not excluded by the court, the motion is to be treated as one for summary judgment. Fed. R. Civ. P. 12(c).

Judgment on the pleadings is proper when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Bagley v. CMC Real Estate Corp., 923

---

[1] Plaintiff's Amended Complaint does not make clear which Evergreen entity Smith founded or which Evergreen entity had the open paralegal position.

F.2d 758, 760 (9th Cir. 1991). All allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. Id. A motion for judgment on the pleadings may not be based on evidence or allegations outside of the pleadings. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992).

## DISCUSSION

Defendants move for judgment on the pleadings as to plaintiff's retaliation, whistleblowing, and aiding and abetting discrimination claims. I address the retaliation claims first, then the whistleblowing claim, and finally, the aiding and abetting claim.

A. Retaliation for Opposing Unlawful Practices

In her sixth and seventh claims, plaintiff alleges that defendants terminated her for opposing unlawful employment practices. Specifically, she contends that defendants fired her because of her comments regarding Segura. Pl.'s Am. Compl. ¶¶ 130-147 (alleging retaliation in violation of Title VII and Oregon Revised Statute § (O.R.S) 659A.030(1)(f)). The issue raised by defendants' motion is whether an in-house attorney is protected under the retaliation statutes when she raises concerns with her supervisors about a discriminatory act within the company. Defendants argue that because an in-house attorney's job includes advising the company on legal matters, the attorney does not engage in any protected oppositional conduct when she advises her supervisors about discrimination. Plaintiff argues that when she engaged in the activity at issue, she was acting strictly as a hiring manager and not acting in the course of her job as General Counsel.

While the parties do not cite, and I have yet to find, a controlling case that directly addresses when a General Counsel engages in protected oppositional conduct, the Ninth Circuit

Court of Appeals and this Court offer guidance through cases involving employees whose jobs include giving legal advice regarding potential discrimination claims.

In a Ninth Circuit case, an equal opportunity officer whose job was to create and implement his employer's affirmative action program was fired after he surreptitiously filed outside agency charges against his employer based on what he considered to be a failure to implement an appropriate program. Smith v. Singer, 650 F.2d 214 (9th Cir. 1981). The court held that by putting himself in a position entirely adverse to his employer, he rendered himself unable to fulfill the functions of his job. Id. at 217. Therefore, the employer's action was neither discrimination nor retaliation against the exercise of protected activity. Id. at 217 (noting that this holding was "extremely narrow" and tailored to the unique facts of this case). Similarly, the Ninth Circuit held that Title VII did not protect an affirmative action officer who handled discrimination complaints contrary to the instructions of her employer. Nelson v. Pima Cmty. Coll., 83 F.3d 1075 (9th Cir. 1996).

In a case from this Court, Judge King held that a senior employee relations specialist was not protected when she raised concerns about the company's handling of an employee's Americans with Disabilities Act claim, because raising such concerns was part of her job duties. Clemons v. Nike, Inc., No. 06-1209-KI, 2007 WL 2890972 (D. Or. Sept. 28, 2007). Finally, a general counsel who handled discrimination complaints as part of her job could not maintain an action for opposing discriminatory policies, in contrast to opposing discriminatory acts. Meadows v. Kindercare Learning Ctrs, Inc., No. 03-1647-HU, 2004 WL 2203299 (D. Or. Sept. 29, 2004).

Considered together, these cases demonstrate that if an employee's job responsibilities include providing legal advice and she acts within those job responsibilities, she is not protected

5 - OPINION & ORDER

from being terminated. However, if an employee's responsibility is to provide legal advice but she complains that she has personally been discriminated against or makes a personal complaint based on discrimination happening to someone else, she is protected from retaliation. See, e.g., Smith, 650 F.2d at 217 ("Where the only basis for terminating an employee is protected conduct, and where that protected conduct is not inconsistent with the requirements of the employee's position…it is not difficult to perceive a violation."). Neither plaintiff nor defendants dispute that an employee would be protected when lodging a personal complaint.

Here, plaintiff raised concerns with Smith, the founder of Evergreen, and Wright, President of EAGLE, over Smith's decision not to consider a qualified job applicant because he was Hispanic. Pl. Am. Compl. ¶ 64, 66. The following day, plaintiff was fired. Id. at ¶ 78. Based on the facts presented in this case, it is unclear whether the plaintiff was acting in her capacity as General Counsel or as a hiring manager personally challenging her supervisor's allegedly discriminatory action. The allegations in the amended complaint can be read to support either scenario. Therefore, because I must draw all factual inferences in plaintiff's favor, it is inappropriate to grant a motion for judgment on the pleadings as to the retaliation claims.

B. Retaliation for Whistleblowing

In her eighth claim, plaintiff alleges that defendants terminated her for opposing actions which she believed in good faith to evidence a violation of federal and state laws. She again bases her claim on defendants' reaction to her comments regarding Segura. Pl.'s Am. Compl. ¶¶ 148-155 (alleging retaliation in violation of Oregon Revised Statute § (O.R.S) 659A.199). The issue raised in defendants' motion regarding this claim is the same as in the retaliation claims.

This Court recently addressed a similar case where an employee brought claims under O.R.S. 659A.199 and O.R.S. 659A.030(1)(f). Larmanger v. Kaiser Found. Health Plan of the

Nw., No. 3:11-cv-00089-BR, 2012 WL 3921777 (D. Or. Sept. 7, 2012). Judge Brown noted that the analysis and the elements of a *prima facie* case under O.R.S. 659A.030(1)(f) do not differ in any substantive way from the standards or analysis that apply to a whistleblower claim. Id. at *20. Because the Court found the plaintiff's whistleblower claim to be without merit, the retaliation claim was dismissed as well. Id.

While Larmanger did not present a Title VII question, courts have repeatedly held that the analysis is the same in cases brought under Title VII and Oregon's employment discrimination and retaliation statutes. See, e.g., Hess v. Multnomah Cnty., 216 F. Supp. 2d 1140, 1152 (D. Or. 2001) (noting that O.R.S. Chapter 659A was modeled after Title VII and therefore the standards are the same). Therefore, if a plaintiff engages in activity protected from retaliation under Title VII and Oregon statutes, the activity will also be protected under the whistleblower statute.

Therefore, as with the retaliation claims, I deny the motion as to the whistleblower claim because the facts in the Amended Complaint, when viewed in the light most favorable to the plaintiff, are capable of establishing that she did not act in her General Counsel role. As such, she may be able to establish a whistleblower claim.

C.  Aiding and Abetting Discrimination

In her ninth claim, plaintiff alleges that individual defendant Timothy Wahlberg aided and abetted discrimination. To the extent that the claim is based on the same conduct as the retaliation claims, the outcome of the aiding and abetting claim depends on the outcome of the other claims. See, e.g., Larmanger, 2012 WL 3921777, at *20. Therefore, it is premature to grant defendants' motion on this claim.

///

CONCLUSION

Defendants' motion for judgment on the pleadings [33] is denied.

IT IS SO ORDERED.

Dated this ___14___ day of __Feb.__, 2013.

*Marco Hernandez*
MARCO HERNANDEZ
United States District Judge

8 - OPINION & ORDER